Citation Nr: 1554516 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 12-57 547A ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to an annual clothing allowance for 2012.

(The issue of entitlement to an initial rating higher than 20 percent for type 2 diabetes mellitus is the subject of a separate Board decision.)


REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

W.T. Snyder, Counsel



INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran served on active duty from July 1960 to March 1981.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an August 2012 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

The Veteran has Virtual (VVA) and VBMS VA paperless claims files, which are highly secured electronic repositories that are used to store and review documents involved in the claims process. The Board has reviewed the contents of both files while reviewing this appeal.
 
The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

A veteran who has a service-connected disability is entitled to an annual clothing allowance if (1) the disability is the loss or loss of use of a hand or foot and an examination or hospital report discloses that the Veteran wears or uses certain prosthetic or orthopedic appliances which tend to wear or tear clothing because of such disability; (2) the Under Secretary for Health (formerly the Chief Medical Director) (Under Secretary) or such designee certifies that because of his service-connected disability a prosthetic or orthopedic appliances which tend to wear or tear clothing is worn; or (3) the Under Secretary or such designee certifies that because of physician-prescribed medication for the Veteran's service connected skin disability irreparably damages the Veteran's outer garments. 38 C.F.R. § 3.810 (2015).

In September 2015, the Board remanded the case to the AOJ for additional development, including obtaining relevant treatment records and adding them to the claims file, and action by the appropriate VAMC and the Under Secretary. See the September 2015 Board remand for the particulars of the remand. The case has been returned to the Board, but there is no indication that the directed additional development related to the clothing allowance claim has been completed. Neither the VBMS nor VVA file contains a Supplemental Statement of the Case (SSOC) on the issue.

Review of the Veteran's appeal in the Veterans Appeals Control and Locator System (VACOLS) suggests that there is a separate file for this issue that may be located within the Veterans Health Administration (VHA), as the related decision, notice of disagreement (NOD), statement of the case (SOC), and Substantive Appeal are not currently in the paperless files.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Associate with the claims file VA treatment records for the following periods: January 1, 2011 to March 16, 2011; March 8, 2012 to April 3, 2012; May 12, 2012 to June 3, 2012; June 5, 2012 to August 13, 2012; and, from August 15, 2012. 

If such efforts prove unsuccessful, documentation to that effect should be added to the claims folder.

2. Insure that the NOD, SOC, substantive appeal noted above, and any additional records that may be in a separate file, are associated with the electronic claims folder.

3. Arrange for the Veteran's claims/ Virtual folders to be reviewed by the Under Secretary for Health or designee who should certify whether or not the knee and back braces worn by the Veteran in 2012 and thereafter to treat his service-connected trauma, cervical spine with entophyte at C-3, C-4 and right knee, medical meniscectomy, renders him eligible for a VA clothing allowance under 38 U.S.C.A. § 1162 and 38 C.F.R. § 3.810.

A complete rationale for all conclusions reached should be included with the certification.

3. If the determination remains unfavorable to the Veteran, issue a supplemental statement of the case (SSOC). Then return the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).